# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | Bankruptcy No. 14-21008-CMB |
| ) | |
| TODD STEPHEN EURY, ) | Chapter 13 |
|         Debtor. ) | |
| ) | |
| LORRIE EURY, ) | |
|         Plaintiff, ) | |
|     v. ) | |
| ) | |
| TODD STEPHEN EURY, NICOLE MAYER, ) | Adversary No. 15-2022-CMB |
| PHARMACY GPO, INC., PHARMACY ) | |
| TECHNOLOGY RESOURCE, INC., PHARMACY ) | Related to Doc. No. 45, 46 |
| TECHNOLOGY RESOURCE, LLC, LEO GRACE ) | |
| INVESTMENTS, LLC, PHARMACY PODCAST, ) | |
| TRANSLUSCENT PHARMACY BENEFITS, ) | |
| LLC., PRESCRIPTION GENERATOR, INC., ) | |
| WELL MED RX, and JOHN DOE COMPANIES, ) | |
| ) | |
|         Defendants. ) | |

## MEMORANDUM OPINION

The matters before the Court are the cross-motions for summary judgment filed by Debtor-Defendant, Todd Stephen Eury ("Debtor") and Plaintiff, Lorrie Eury.[1] The parties have submitted their respective briefs and oral argument has been held on the motions. The matters are now ripe for decision.

Factual and Procedural History

Debtor and Plaintiff are former spouses who, in the course of their divorce proceedings, executed a Marital Settlement Agreement ("MSA") on July 26, 2011. Pursuant to the terms of the MSA, Debtor agreed to transfer ownership of the marital residence to Plaintiff by quit-claim

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(A) and (I), and the Court will enter final judgment.

deed but continue to make the payments on the three outstanding mortgages against the property until said mortgages were paid in full. Also under the MSA, Debtor was obligated to pay to Plaintiff fifty percent of all dividends received by Debtor from Pharmacy Technology Resource, Inc. ("PTR") and Pharmacy GPO, Inc. ("GPO"); companies in which Debtor held ownership interests. It is uncontested that Debtor has failed to make all of the required mortgage payments. Consequently, the marital residence was foreclosed upon and scheduled for a sheriff's sale. It is also uncontested that Debtor transferred his interests in PTR and GPO and, as of the time of the transfers, no dividends or portions thereof had been paid to Plaintiff.

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 18, 2014. Debtor subsequently converted his case to one under Chapter 13 on September 24, 2014. Plaintiff commenced the within adversary proceeding by filing her eleven-count *Complaint* on January 29, 2015, amended February 12, 2015 (herein "Complaint"), alleging non-dischargeability of a debt under 11 U.S.C. §§523(a)(5), (a)(15), and (a)(2)(A)(Counts 1, 2, and 3, respectively); breach of contract (Counts 4 and 5); fraudulent transfer (Counts 6 and 7); piercing of the corporate veil (Count 8); alter ego (Count 9); accounting (Count 10); and attorney's fees (Count 11). Shortly thereafter, Debtor filed a motion to dismiss Counts 2, 4, 5, 6, 7, and 11. During the course of litigation on the motion to dismiss, Plaintiff withdrew Count 2 of the Complaint. On May 11, 2015, this Court entered an order granting Debtor's motion to dismiss as to Counts 6 and 7, and denying the motion on all other counts.[2]

On October 19, 2015, Debtor filed *Defendant's Motion for Summary Judgment* ("Debtor's Motion") seeking summary judgment as to Counts 4 and 5 of the Complaint. That same day, Plaintiff filed *Plaintiff Lorrie Eury's Motion for Summary Judgment* ("Plaintiff's

---

[2] Debtor's motion to dismiss was denied as moot as to Count 2 of the Complaint due to Plaintiff's withdrawal of said count.

Motion") requesting summary judgment on Counts 1, 4, and 5. The parties filed their respective responses, briefs, and exhibits to the motions. Oral argument was held on both Plaintiff's Motion and Debtor's Motion on January 14, 2016.

Applicable Standard & Analysis

This Court has previously observed that:

> [t]he standard for evaluating motions for summary judgment set forth in Fed.R.Civ.P. 56, made applicable to the within adversary proceeding by Fed.R.Bankr.P. 7056, provides that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party has the initial burden of identifying evidence which demonstrates the absence of material fact. *Rosen v. Bezner,* 996 F.2d 1527, 1530 (3d Cir.1993). Said burden may be satisfied by citing to materials in the record, including depositions, documents, affidavits, stipulations, admissions, and interrogatory answers. *See* Fed.R.Civ.P. 56(c). When deciding a motion for summary judgment, the court shall draw all inferences from the underlying facts in the light most favorable to the non-moving party. *Bezner,* 996 F.2d at 1530.

*Bricker v. Scalera (In re Scalera),* No. 11–27241–CMB, 2013 WL 5963554 at *1 (Bankr.W.D.Pa. Nov.8, 2013).

**A. Breach of Contract – Counts 4 and 5**

Both Debtor and Plaintiff seek summary judgment as to Counts 4 and 5 of the Complaint. In Count 4, Plaintiff asserts that Debtor breached his obligation under the MSA to timely make all payments due and owing on the three outstanding mortgages on the marital residence until said mortgages were paid in full. Under Count 5, Plaintiff avers that Debtor breached his obligation to pay to Plaintiff fifty percent of all dividends paid to Debtor by GPO and PTR.

Debtor does not contest Plaintiff's allegations that Debtor breached his obligations under the MSA. Quite the opposite, Debtor admits that he did breach the MSA.[3] Despite this admission, Debtor avers that he is entitled to summary judgment on Counts 4 and 5 since "simple breach of contract" claims are ultimately dischargeable under Chapter 13 of the Bankruptcy Code. Debtor advanced this same argument in his motion to dismiss. In the order resolving the motion to dismiss, this Court rejected Debtor's argument stating that, "Debtor failed to provide any legal authority to support this contention." Likewise, Debtor has failed to provide any arguments or authority herein to support his rationale beyond what was previously submitted to this Court pursuant to the motion dismiss. Accordingly, this Court finds that Debtor has similarly failed to prove his contention in his motion for summary judgment.

Moreover, even if Debtor could show that a party is entitled to summary judgment when a breach of contract claim asserted against them would ultimately be dischargeable, Debtor has failed to demonstrate that there are no genuine issues of material fact that the breach of contract claims set forth in Counts 4 and/or 5 would be dischargeable in bankruptcy.

Debtor avers that breach of contract claims are inherently dischargeable in bankruptcy. However, Debtor also concedes that Plaintiff has a colorable claim for non-dischargeability pursuant to Count 1 of her Complaint. Under Count 1, Plaintiff seeks to except from discharge pursuant to 11 U.S.C. §523(a)(5) Debtor's obligations established by the MSA, specifically Debtor's obligations to make the mortgage payments on the marital residence and to pay to Plaintiff fifty percent of dividends received from PTR and GPO. These obligations are the same obligations which form the bases of Plaintiff's breach of contract claims in Counts 4 and 5. By arguing that all breach of contract claims are inherently dischargeable, Debtor is effectively

---

[3] Debtor states in his *Memorandum of Law in Opposition to Plaintiff Lorrie Eury's Motion for Summary Judgment* that with respect to Counts 4 and 5,". . . the issue is not whether or not the Defendant Debtor is in breach of the marital settlement agreement. Of course he is, or he would not have converted to Chapter 13."

arguing that although Plaintiff has a colorable claim that the obligations are non-dischargeable, any relief obtained by Plaintiff pursuant to Debtor's breach thereof is dischargeable per se. Said logic would render any determination of non-dischargeability of the obligations under Count 1 meaningless. Accordingly, the Court rejects Debtor's argument.

With respect to Plaintiff's Motion, although Plaintiff has shown based on Debtor's admissions that Debtor is in breach of the MSA, the extent of the breach is unclear. While it is uncontested that Debtor has breached his obligation to pay the mortgages on the residence under Count 4, upon review of Debtor's admissions the Court finds that genuine issues of material fact exist as to whether Debtor admits he is also in breach as set forth in Count 5. Moreover, the Court also finds that there are genuine issues of material fact as to the calculation of damages under Counts 4 and 5. Thus, Plaintiff is not entitled to summary judgment on Counts 4 and 5 of her Complaint.

### B. Non-dischargeability Under 11 U.S.C. §523(a)(5) – Count 1

In addition to her breach of contract claims, Plaintiff also seeks summary judgment as to Count 1 of her Complaint. Under Count 1, Plaintiff asserts a claim for non-dischargeability of Debtor's obligations under the MSA to make the aforementioned mortgage and dividend payments.

Section 523(a)(5) of the Bankruptcy Code excepts from discharge debts which are "domestic support obligations." *See* 11 U.S.C. §523(a)(5).

> Four elements must be satisfied to establish a domestic support obligation claim under section 523(a)(5): 1) the debt must be "owed to or recoverable by" a governmental unit or a person with a specific relationship to the debtor such as a spouse, former spouse, or child of the debtor; 2) the underlying obligation must be in the nature of alimony, maintenance, or support of such person; 3) the obligation must arise from an agreement, court order, or as otherwise defined; and 4) the

5

> debt must not be assigned to a nongovernmental entity unless voluntarily done. 11 U.S.C. § 101(14A).
>
> *Price v. Price (In re Price)*, No. 15-07012-JAD, 2015 Bankr. LEXIS 3371, at *6 (Bankr. W.D. Pa. Oct. 5, 2015).

Although not labeled as support in the MSA, Plaintiff argues that Debtor's obligations under the MSA fall within the purview of §523(a)(5) since they "[were] intended by the parties to provide spousal support to Plaintiff, and such payment obligations are necessary to her continued support." Thus, Plaintiff contends that the obligations are in the nature of alimony, maintenance, or support. Debtor contests this assertion.

Whether an obligation is in the nature of alimony, maintenance, or support is determined by the intent of the parties at the time of the agreement. *In re Price,* 2015 Bankr. LEXIS 3371 at *8. Said intent is determined by examining three factors: (1) the "language and substance of the agreement in the context of surrounding circumstances, using extrinsic evidence if necessary[,]" (2) the parties' financial circumstances as of the time of the agreement, and (3) the function served by the obligation. *Id.* at *8-10. "The party objecting to discharge bears the burden of proving that the obligation is in the nature of alimony, maintenance, or support." *Id.* at *6.

Upon review of the above standard, it is clear to this Court that given the subjective nature of the standard as well as the conflicting averments of the parties, any determination of whether Debtor's obligations under the MSA are in the nature of alimony, maintenance, or support will require the Court to weigh the evidence presented. Accordingly, the Court finds that genuine issues of material fact exist as to whether the obligations are in the nature of alimony, maintenance, or support, and summary judgment is not appropriate.

Conclusion

For the foregoing reasons, both *Defendant's Motion for Summary Judgment* and *Plaintiff Lorrie Eury's Motion for Summary Judgment* are denied. Debtor failed to show that there are no genuine issues of material fact (1) as to the dischargeability of Plaintiff's breach of contract claims, and (2) that said alleged dischargeability entitles Debtor to summary judgment at this stage of litigation.  With respect to Plaintiff's Motion, although this Court finds that Debtor did, in fact, breach the MSA, the Court finds that genuine issues of material fact exist as to the extent of the breach and the calculation of resulting damages. Likewise, the Court also finds that genuine issues of material fact exist as to whether the obligations of the MSA breached by Debtor are in the nature of alimony, maintenance, or support as to warrant a determination of non-dischargeability under 11 U.S.C. §523(a)(5). Accordingly, neither Debtor nor Plaintiff are entitled to summary judgment as a matter of law. An appropriate Order will be entered consistent with this Memorandum Opinion.

Dated: January 29, 2016

/s/ Carlota M. Böhm
Carlota M. Böhm
United States Bankruptcy Judge

MAIL TO:
Salene R.M. Kraemer, Esq.
Dai Rosenblum, Esq.

FILED
1/29/16 2:28 pm
CLERK
U.S. BANKRUPTCY
COURT - PGH